# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
**STEPHANIE A. GALLAGHER**
**UNITED STATES DISTRICT JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 29, 2022

LETTER TO COUNSEL

RE:   *Annette P. v. Commissioner, Social Security Administration*
        Civil No. SAG-21-2798

Dear Counsel:

On November 1, 2021, Plaintiff Annette P. ("Plaintiff" or "Claimant") petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Supplemental Security Income and Disability Insurance Benefits. ECF No. 1. I have considered the parties' cross-motions for summary judgment and Plaintiff's reply. ECF Nos. 17, 19, 22. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant Defendant's motion, and affirm the SSA's decision. This letter explains my rationale.

Plaintiff filed her claims for benefits in October 2015 alleging a disability onset date of January 1, 2015. Tr. 593–602. Her claims were denied initially and on reconsideration. Tr. 207–08, 225–26. On November 7, 2017, an Administrative Law Judge ("ALJ") held a hearing. Tr. 230. The ALJ determined Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame, but, after Plaintiff appealed the determination, the Appeals Council remanded the case. Tr. 227–46, 247–50. A different ALJ held another hearing (and a supplemental hearing) on April 15, 2020, and July 15, 2020. Tr. 70–120. That ALJ again found Plaintiff not disabled, but the Appeals Council again remanded the case. Tr. 274–79. A third hearing was held on April 19, 2021. Tr. 44–69. Following that hearing, the ALJ again determined that Plaintiff was not disabled. Tr. 17–43. The Appeals Council denied Plaintiff's request for review of this decision, Tr. 1–7, so the ALJ's April 27, 2021, decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ found that Plaintiff suffered from the severe impairments of "depression, bipolar disorder, generalized anxiety disorder, insomnia, and opioid dependence." Tr. 23. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

*Annette P. v. Commissioner, Social Security Administration*
Civil No. SAG-21-2798
September 29, 2022
Page 2

> perform a full range of work at all exertional levels but with the following
> nonexertional limitations: She can understand, remember, and carry out simple
> instructions and make simple work related decisions. She can work at a consistent
> pace throughout the workday, but not at a production rate pace such as on an
> assembly line or work involving monthly or hourly quotas. She can tolerate
> occasional interaction with coworkers and supervisors and the public. She can
> tolerate occasional changes in work setting.

Tr. 26.  The ALJ determined that Plaintiff was unable to perform past relevant work as a hairstylist
and a nursing assistant but could perform other jobs that existed in significant numbers in the
national economy.  Tr. 34–35.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr.
35.

Plaintiff raises two arguments on appeal, specifically that the ALJ erroneously: (1) "failed
to properly evaluate the treating psychiatrist's opinion" in formulating the RFC and (2) "failed to
properly evaluate Plaintiff's subject symptom testimony."  ECF No. 17-1 at 15–27.  Defendant
refutes both these arguments and asserts that the ALJ's decision was based on substantial evidence.
ECF No. 19 at 5–14.

"[T]he treating physician rule is well-established."  *Arakas v. Comm'r, Soc. Sec. Admin.*,
983 F.3d 83, 106 (4th Cir. 2020).  It "requires that ALJs give 'controlling weight' to a treating
physician's opinion on the nature and severity of the claimant's impairment if that opinion is (1)
'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and (2)
'not inconsistent with the other substantial evidence' in the record."  *Id.* (citing 20 C.F.R. §
404.1527(c)(2)).[1]  Should an ALJ decide that a treating physician's opinion is not entitled to
controlling weight, the ALJ must still determine the appropriate weight to assign the opinion by
considering several factors, including whether and to what extent the author of the opinion
examined or treated the claimant, the supportability and consistency of the opinion, the author's
specialization, and any other factor that is relevant given the facts and circumstances of the case.
*Id.*; 20 C.F.R. §§ 404.1527(c), 416.927(c).

The opinions of Dr. Coleman at issue here are three Mental Functional Capacity
Assessments where Dr. Coleman checked boxes indicating he believed Plaintiff had "mostly
marked and/or extreme limitations in the areas of mental functioning (with a few moderate
limitations)."[2]  Tr. 33 (citing Tr. 815–17, 1174–76, 1582–84).  The ALJ determined these

---

[1] 20 C.F.R. § 404.1527 applies to claims filed before March 27, 2017.  It was replaced by §
404.1527c for claims filed on or after March 27, 2017.  Plaintiff's claims were filed in 2015.  Tr.
207–08, 225–26.

[2] I note that "[i]n general, 'check-the-box forms' of [the kind Dr. Coleman submitted here] are
unhelpful."  *Shayna R. v. Kijakazi*, No. 21-1803-BAH, 2022 WL 1239876, at *3 (D. Md. Apr. 27,
2022).  "Such forms fail to provide an explanation for the conclusions they contain and often fail
to account for changes in limitations based on other factors like, for example, if a patient is taking

*Annette P. v. Commissioner, Social Security Administration*
Civil No. SAG-21-2798
September 29, 2022
Page 3

limitations were "inconsistent with other evidence," because "most of [Dr. Coleman's] own treatment records do not support marked or extreme limitations. As outlined above, most of [Dr. Coleman's] mental status exams were largely normal and he often noted that the claimant was 'doing well.'" Tr. 33. After considering Dr. Coleman's relationship with Plaintiff as a "treating source," his history of treating Plaintiff, his own treatment notes as well as the treatment notes of others in the record, the ALJ determined that Dr. Coleman's assessments were entitled to only "little weight." Tr. 33. The ALJ determined that "the medical evidence is more consistent with moderate limitations." Tr. 33.

Plaintiff argues that the ALJ erroneously afforded Dr. Coleman's opinions "little weight" rather than "controlling weight" because Dr. Coleman was Plaintiff's treating physician. ECF No. 17-1 at 15–16. Plaintiff contends that in rejecting Dr. Coleman's opinions, the ALJ improperly "relied on his own lay assessment of Dr. Coleman's clinical findings." *Id.* at 16. Plaintiff further contends that the ALJ failed to acknowledge evidence that contradicted the ALJ's conclusion in Dr. Coleman's treatment notes, *id.* at 18, and that the ALJ's failure to cite to "abnormal" mental status examinations was improper "in light of the evidence of waxing and waning symptoms in the record," *id.* at 21 (citing *Testamark v. Berryhill*, 736 F. App'x 395 (4th Cir. 2018)).

Despite Plaintiff's contentions, in formulating the RFC, the ALJ cited to Dr. Coleman's treatment notes at least twenty times, including evidence that both supported and undermined her ultimate conclusion. Tr. 27–32. The ALJ did in fact acknowledge abnormal findings. *See* Tr. 27 ("[Plaintiff] reported feeling depressed with decreased sleep, decreased appetite, decreased energy, decreased concentration, crying, feelings of worthlessness, feelings of hopelessness, and feelings of helplessness. She also reported feeling anxious with sleep disturbances, palpitations, shortness of breath, and restlessness."); Tr. 27 ("[Plaintiff] was sullen and in a 'bad mood' . . . ."); Tr. 28 ("[C]laimant's anxiety had increased . . . ."); Tr. 28 ("[Plaintiff] reported feeling depressed with decreased sleep, decreased appetite, decreased energy, decreased concentrated, [sic] and mood lability."); Tr. 29 ("[C]laimant reported 'increased anxiety with dizziness x2 days without meds.'"); Tr. 29 ("[Plaintiff] reported 'increased anxiety and stress due to issues with daughter and housing.'"); Tr. 29 ("[Plaintiff] reported decreased sleep and appetite . . . ."); Tr. 30 ("[Plaintiff] endorsed symptoms of anxiety and depression and was advised to resume her medications."); Tr. 31 ("[C]laimant reported that she was homeless and recently assaulted."). The ALJ also noted numerous instances where Dr. Coleman increased Plaintiff's prescriptions where it was apparent the current dosage was not sufficient. Tr. 27–32.

Contrary to Plaintiff's assertion, *Testamark* is unpersuasive here. In *Testamark*, the Fourth Circuit held (in an unpublished opinion) that the ALJ erroneously rejected the medical opinions of a claimant's treating physicians by "cit[ing] only to treatment notes predating [Plaintiff's] alleged disability onset date" and "point[ing] to no evidence from the relevant post-onset period that would

_____

a medication." *Id.* (citing *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012); *Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 474 (6th Cir. 2016); *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir.1993)).

*Annette P. v. Commissioner, Social Security Administration*
Civil No. SAG-21-2798
September 29, 2022
Page 4

explain [the ALJ's] assessment of these treating source opinions." 736 F. App'x at 398. The Fourth Circuit further held that the ALJ erroneously "relied heavily on observations picked from check-the-box forms in [Plaintiff's] treatment notes" and failed to discuss the factors in 20 C.F.R. § 404.1527(c)(2) and § 416.927(c). *Id.* at 398–99.

Here, however, the ALJ did not "rel[y] on sparse observations from dated treatment notes" to find that Dr. Coleman's "opinions 'are inconsistent with the other substantial evidence in [Plaintiff's] case record." *Id.* at 399 (quoting 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2)). Rather, in rejecting Dr. Coleman's opinion, the ALJ cited extensively to Dr. Coleman's treatment notes, which spanned almost six years and well into the relevant post-onset period. Tr. 27–33. The ALJ explicitly cited to 20 C.F.R. § 404.1527(c) and § 416.927(c), Tr. 26, and clearly meaningfully applied the factors therein when evaluating Dr. Coleman's opinions, Tr. 33.

Plaintiff next argues that the ALJ erroneously based her decision to afford Dr. Coleman's opinions "little weight" on Plaintiff's noncompliance with treatment without also considering the "perfect storm of adversity" that Plaintiff was facing, including Plaintiff's "unstable housing situation, familial strife, . . . periodic homelessness and lack of transportation." ECF No. 17-1 at 21–24. Plaintiff argues that the ALJ should have conducted the "particularized inquiry" under 20 C.F.R. §§ 404.1530(c), 416.930(c). *Id.* Defendant argues that the regulations Plaintiff cites apply "only 'after [the SSA finds] that an individual is entitled to disability or eligible for statutory blindness benefits under titles II or XVI of the Act.'" ECF No. 19-1 at 9 (quoting SSR 18-3p, 2018 WL 4945641, at *3 (S.S.A. Oct. 2, 2018)).

Defendant has the better argument. *See Raquel P. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-1032, 2019 WL 1059978, at *3 (D. Md. Mar. 5, 2019) (citing *Myers v. Comm'r Soc. Sec. Admin.*, 456 F. App'x 230, 232 (4th Cir. 2011)). Like in *Raquel P.*, "the ALJ here did not find Plaintiff to be under a disability, but rather used her alleged non-compliance as a factor in determining the weight of evidence." *Id.* The ALJ here explicitly referenced Plaintiff's housing issues, familial issues, and transportation issues multiple times, as well as periods of Plaintiff's noncompliance with medication. Tr. 27–33. "When viewing the ALJ's opinion as a whole, it is clear the ALJ . . . used Plaintiff's non-compliance as one of many factors in evaluating Plaintiff's claim." *Raquel P.*, 2019 WL 1059978, at *3. The ALJ's opinion thus adequately explains why she discounted Dr. Coleman's opinions.

Lastly, Plaintiff argues that the ALJ improperly failed to consider Plaintiff's subjective complaints by "summariz[ing] some of the medical evidence in the record but fail[ing] to clearly state the reasons why [the ALJ] found [Plaintiff] was not credible about her symptoms." ECF No. 17-1 at 25. Plaintiff further asserts that the ALJ's "determination is based cherry-picked findings from the record and a failure to reconcile contradictory evidence." ECF No. 17-1 at 24–27.

An ALJ properly analyzes subjective complaints by using a two-part test. *See Craig*, 76 F.3d at 594–95 (discussing the two-part framework used in the Fourth Circuit). First, the ALJ must assess the objective medical evidence and determine whether the plaintiff has a medically determinable impairment that could reasonably be expected to produce the pain or symptoms

*Annette P. v. Commissioner, Social Security Administration*
Civil No. SAG-21-2798
September 29, 2022
Page 5

alleged.  20 C.F.R. §§ 404.1529(b), 416.929(b); SSR 16-3p, 2016 WL 1119029, at *4 (S.S.A. Mar. 16, 2016).  Second, and if the ALJ finds a medically determinable impairment, the ALJ assesses the plaintiff's symptoms to determine how the symptoms' intensity and persistence affect the plaintiff's ability to work.  See 20 C.F.R. §§ 404.1529(c), 416.929(c).  At the second step, "there need not be objective evidence of the pain itself or its intensity."  *Arakas*, 983 F.3d at 95 (quoting *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989)).  However, while "a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can be reasonably be expected to cause the pain the claimant alleges she suffers."  *Craig*, 76 F.3d at 595.

Here, the ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" but concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record."  Tr. 27.  In so doing, the ALJ addressed multiple instances where Plaintiff's testimony seemingly conflicted with other evidence in the record.  Tr. 25–26, 32.  Indeed, the ALJ did not altogether discount Plaintiff's testimony, as the ALJ found Plaintiff possessed moderate limitations in all four functional capacities and cited both hearing testimony and multiple other sources in the record to reach each conclusion.  Tr. 25–26, 33.  As noted above, the ALJ did not "ignore[] evidence in the record of abnormal mental status findings."  ECF 17-1 at 25.  Rather, it is clear that the ALJ based her decision on substantial evidence.

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied.  *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971).  Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ.  *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  Here, the ALJ supported her conclusions with substantial evidence, and remand is unwarranted.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 17, is DENIED, Defendant's Motion for Summary Judgment, ECF No. 19, is GRANTED, and the SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge